# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

**JENNIFER FORD, individually and on behalf of all others similarly situated,**

            Plaintiff,

v.

**VETERANS GUARDIAN VA CLAIM CONSULTING, LLC,**

            Defendant.

No. 1:23-cv-756

## <u>DEFENDANT'S ANSWER</u>

Defendant Veterans Guardian VA Claim Consulting, LLC ("Defendant" or "Veterans Gurdian"), by and through the undersigned counsel, submits the following Answer to the Complaint filed by Plaintiff Jennifer Ford and responds to each numbered paragraph in the Complaint below. Any allegation in the Complaint that is not expressly admitted, including allegations contained in headings and subheadings, is denied.

1.    The first sentence consists of Plaintiff's characterization of this action and a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of the first sentence. Defendant denies the second and third sentences.

2.    Paragraph 2 consists of Plaintiff's characterization of the referenced Department of Veterans Affairs ("VA") webpage describing disability benefits. Defendant

1

respectfully refers the Court to that webpage, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the webpage.

3.    Paragraph 3 consists of Plaintiff's characterization of the referenced VA webpage describing disability benefit rates.  Defendant respectfully refers the Court to that webpage, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the webpage.

4.    The first sentence of paragraph 4 consists of Plaintiff's characterization of the referenced VA webpage describing disability compensation where the claimant has dependents.  Defendant respectfully refers the Court to that webpage, which speaks for itself, and denies the first sentence to the extent it is inconsistent with the webpage. Defendant admits the second sentence.

5.    Defendant admits paragraph 5 except that it lacks sufficient knowledge or information to form a belief about the truth of the allegations that the referenced organizations are well-known and reputable.

6.    The first sentence of paragraph 6 consists of Plaintiff's characterization of a press release published by the VA discussing the VA's Appeals Modernization Act. Defendant respectfully refers the Court to that press release, which speaks for itself, and denies the sentence to the extent it is inconsistent with the press release.  The second and third sentences consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the second and third sentences.

2

7. Paragraph 7 consists of Plaintiff's characterization of 38 C.F.R. § 14.629 (b)(1). Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the regulation.

8. Denied.

9. Defendant admits the first sentence of paragraph 9. The second sentence consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of the second sentence.

10. Paragraph 10 consists of Plaintiff's characterization of Veterans Guardian's Consulting Services Agreement. Defendant respectfully refers the Court to that agreement, which speaks for itself, and denies paragraph 10 to the extent it is inconsistent with the agreement.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 11.

12. Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 12.

13. Paragraph 13 consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 13.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 14.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 15.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 16.

17. Paragraph 17 consists of Plaintiff's characterization of Veterans Guardian's Consulting Services Agreement. Defendant respectfully refers the Court to that agreement, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the agreement.

18. Paragraph 18 consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 19.

20. Admitted.

21. Defendant admits the first sentence of paragraph 21. Defendant denies the second sentence of paragraph 21.

22. Defendant denies the first sentence of paragraph 22. Defendant admits the second sentence. Defendant denies the third sentence.

23. Paragraph 23 consists of Plaintiffs' characterization of the Veterans Benefits Administration ("VBA"). Defendant respectfully refers the Court to the VBA's website,

4

which speaks for itself, and denies paragraph 23 to the extent it is inconsistent with the website.

24.    Paragraph 24 consists of Plaintiffs' characterization of the referenced document.  Defendant respectfully refers the Court to that document, which speaks for itself, and denies paragraph 24 to the extent it is inconsistent with the document.

25.    Paragraph 25 consists of Plaintiffs' characterization of data from the referenced source.  Defendant respectfully refers the Court to that source, which speaks for itself, and denies paragraph 25 to the extent it is inconsistent with the data.

26.    Paragraph 26 consists of Plaintiffs' characterization of 38 C.F.R. § 14.626 through § 14.637.  Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies the paragraph to the extent it is inconsistent with the regulations.

27.    Paragraph 27 consists of Plaintiffs' characterization of 38 C.F.R. § 14.636(g)(3).  Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the regulation.

28.    Paragraph 28 consists of Plaintiffs' characterization of 38 U.S.C. § 5904(c)(1).  Defendant respectfully refers the Court to that statute, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the statute.

29.    Paragraph 29 consists of Plaintiffs' characterization of 38 C.F.R. § 14.636(f).  Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the regulation.

30.     Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 30.

31.     Defendant admits the first sentence of paragraph 31 except to deny that it prepares disability compensation claims without input from veteran clients and any implication that Defendant acts as an agent or attorney. The second sentence consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the second sentence.

38.     Paragraph 38[1] consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 38.

32.     Defendant denies the first sentence of paragraph 32. Insofar as the second sentence of Paragraph 32 characterizes Defendant's Consulting Services Agreement, Defendant respectfully refers the Court to that agreement, which speaks for itself, and denies the sentence to the extent it is inconsistent with the agreement. The remainder of the second sentence contains legal conclusions to which no response is required. Insofar as a response is required, Defendant denies the remainder of the second sentence. Defendant denies the third sentence. The fourth sentence consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the fourth sentence. Defendant denies the fifth and sixth sentences.

---

[1] The Complaint's first paragraph numbered "38" comes after its paragraph numbered "31."

33. Paragraph 33 consists of Plaintiffs' characterization of 38 U.S.C. Chapter 59, 38 C.F.R. § 14, and the referenced Federal Register publication. Defendant respectfully directs the Court to that statute, regulation and publication, which speak for themselves, and denies the paragraph to the extent it is inconsistent with the statute, regulation and publication.

34. Defendant denies the first sentence of paragraph 34. The second and third sentences consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the second and third sentences.

35. Denied.

36. Paragraph 36 consists of Plaintiffs' characterization of the referenced television segment. Defendant respectfully refers the Court to that segment, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the segment.

37. Paragraph 37 consists of Plaintiffs' characterization of the referenced television segment. Defendant respectfully refers the Court to that segment, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the segment.

38. Paragraph 38 consists of Plaintiffs' characterization of the referenced congressional hearing. Defendant respectfully refers the Court to the record of that hearing, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the record.

39.     Paragraph 39 consists of Plaintiffs' characterization of the referenced news reports.   Defendant respectfully refers the Court to those reports, which speak for themselves, and denies the paragraph to the extent it is inconsistent with the reports.

40.     Admitted.

41.     Defendant admits the first sentence of Paragraph 41.  The second sentence consists of Plaintiffs' characterization of the referenced testimony.  Defendant respectfully refers the Court to that testimony, which speaks for itself, and denies the second sentence to the extent it is inconsistent with the testimony.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation in the third sentence.

42.     The first sentence of paragraph 42 consists of Plaintiffs' characterization of the referenced correspondence.   Defendant respectfully refers the Court to that correspondence, which speaks for itself, and denies the first sentence to the extent it is inconsistent with the correspondence.  Defendant denies the second sentence of paragraph 42.

43.     Defendant denies paragraph 43 except to admit that Mr. Taylor, Mr. Greenblatt, Mr. Johnson and other representatives of Veterans Guardian met with Hearing Committee staff on June 9, 2022.   The second sentence consists of Plaintiffs' characterization of statements made by these individuals at the hearing before the House Committee on Veterans Affairs.  To the extent a response is required, Defendant denies the allegations of the second sentence.

8

44.     Denied except to admit that Veterans Guardian received a letter from the VA OGC that was not a cease-and-desist letter.

45.     The first sentence of paragraph 45 consists of Plaintiffs' characterization of the referenced correspondence.  Defendant respectfully refers the Court to that correspondence, which speaks for itself, and denies the first sentence to the extent it is inconsistent with the correspondence.  The second sentence of paragraph 45 consists of Plaintiffs' characterization of the July 8, 2022 Written Supplemental Statement of William Taylor.  Defendant respectfully refers the Court to that document, which speaks for itself, and denies the second sentence to the extent it is inconsistent with that document.

46.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 46.

47.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 47.

48.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 48.

49.     Admitted.

50.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 50.

51.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 51.

52.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 52.

53.     Defendant admits the paragraph insofar as it alleges that Plaintiff used the Veterans Guardian's website to contact the company about Plaintiff filing an initial claim with the VA.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remainder of the paragraph.

54.     Defendant denies the first and second sentences of paragraph 54.  The third sentence consists of Plaintiff's characterization of the referenced contract.  Defendant respectfully refers the Court to that contract, which speaks for itself, and denies the third sentence to the extent it is inconsistent with the contract.

55.     Admitted except to deny that Veterans Guardian solicited the referenced records to review and develop a strategy without input from Plaintiff and any implication that Defendant acted as an agent or attorney.

56.     Defendant lacks sufficient knowledge or information as to what is meant by "coordinated" and "outside private medical opinion" to form a belief about the truth of paragraph 56.

57.     Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 57.

58.     Defendant admits paragraph 58 except to deny that it drafted and prepared the referenced claim, forms, and packet without input from Plaintiff, that it submitted the packet to the VA, and any implication that Defendant acted as an agent or attorney.

59.     Admitted except to deny that Veterans Guardian prepared the claim without input from Plaintiff and any implication that Defendant acted as an agent or attorney.

60.     Defendant denies the first sentence of paragraph 60.  Defendant admits the second sentence except to deny any implication that Defendant acted as an agent or attorney.

61.     Denied.

62.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation of the first sentence of paragraph 62.  Defendant denies the second sentence except to admit that a Veterans Guardian representative helped Plaintiff prepare for her C&P Exam.  Defendant denies any implication that it acted as an agent or attorney.

63.     Denied.

64.     Admitted.

65.     Denied.

66.     Paragraph 66 consists of Plaintiff's characterization of the referenced email. Defendant respectfully refers the Court to that email, which speaks for itself, and denies paragraph 66 to the extent it is inconsistent with the email.

67.     Denied.

68.     Defendant denies the first sentence of paragraph 68.  Defendant admits the second sentence except to deny that Veterans Guardian filled out the necessary data

11

without input from Plaintiff, mailed Plaintiff's initial claim to the VA, and any implication that Defendant acted as an agent or attorney.

69. Denied.

70. Paragraph 70 consists of Plaintiffs' characterization of the referenced correspondence, which speaks for itself, and denies the paragraph to the extent it is inconsistent with the correspondence.

71. Denied.

72. Denied.

73. Denied.

74. Paragraph 74 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 74.

75. Defendant lacks sufficient knowledge or information to form a belief about the truth of the first sentence of paragraph 75. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of the second sentence.

76. Denied.

77. Defendant admits the first sentence of paragraph 77 and denies any implication that a fee agreement was required. Defendant denies the second sentence.

78. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 78.

79.     Admitted except to deny any implication that Defendant acted as an agent or attorney.

80.     Denied.

81.     Admitted except to deny that Veterans Guardian solicited the referenced records to review and develop a strategy without input from Plaintiff and any implication that Defendant acted as an agent or attorney.

82.     Denied.

83.     Denied.

84.     Paragraph 84 consists of Plaintiff's characterization of the referenced email. Defendant respectfully refers the Court to that email, which speaks for itself, and denies paragraph 84 to the extent it is inconsistent with the email.

85.     Defendant denies the first sentence of paragraph 85.  Defendant admits the second sentence except to deny that Veterans Guardian filled out the necessary data without input from Plaintiff and any implication that Defendant acted as an agent or attorney.  Defendant admits the third sentence except to deny that Veterans Guardian submitted the claim to the VA and any implication that Defendant acted as an agent or attorney.

86.     Denied.

87.     Paragraph 87 consists of Plaintiff's characterization of the referenced email. Defendant respectfully refers the Court to that email, which speaks for itself, and denies paragraph 87 to the extent it is inconsistent with the email.

88. Denied.

89. Denied.

90. Paragraph 90 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 90.

91. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 91.

92. Denied.

93. Denied.

94. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 94.

95. Denied.

96. Denied.

97. Paragraph 96 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 96.

98. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 98.

99. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 99.

100. Paragraph 100 consists of Plaintiff's characterization of this action and the proposed class to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 100.

101. Paragraph 101 consists of Plaintiff's characterization of the proposed class to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 101.

102. Paragraph 102 consists of Plaintiff's characterization of the proposed class period to which no response is required. To the extent a response is required, Defendant denies the allegation of paragraph 102.

103. Paragraph 103 consists of Plaintiff's reservation of a purported right to which no response is required. To the extent a response is required, Defendant denies the allegation of paragraph 103.

104. Defendant denies the first sentence of paragraph 104. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the second sentence. The third sentence consists of Plaintiff's characterization of the referenced graphic. Defendant respectfully refers the Court to that graphic, which speaks for itself, and denies the third sentence to the extent it is inconsistent with the graphic. The fourth sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the fourth sentence.

105. Defendant denies the first sentence of paragraph 105. Defendant denies the second sentence except to admit that Defendant has assisted over 25,000 veteran clients in preparing initial VA disability benefits claims and, upon the clients securing an increase

in disability benefits, charged a fee equivalent to five times the monthly increase amount. Defendant denies any implication that it acted as an agent or attorney.

106. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation of the first sentence of paragraph 106. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the second sentence.

107. Paragraph 107 consists of legal conclusions and a characterization of Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies paragraph 107.

108. Defendant denies the first sentence of paragraph 108 and avers that it has not harmed any of its clients. The second sentence consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the second sentence.

109. The first sentence of paragraph 109 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the first sentence. Defendant denies the second sentence. Defendant denies the third sentence and avers that neither Plaintiff nor any of Veterans Guardian's clients suffered damages from its services. Defendant denies the fourth sentence.

110. Paragraph 110 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 110.

111. Paragraph 111 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 111.

112. Paragraph 112 consists of legal conclusions and a characterization of Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 112 and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

113. Defendant incorporates by reference its responses to paragraphs 1 through 112.

114. Paragraph 114 consists of Plaintiff's characterization of Veterans Guardian's Consulting Services Agreement. Defendant respectfully refers the Court to that agreement, which speaks for itself, and denies paragraph 114 to the extent it is inconsistent with the agreement.

115. The first sentence of paragraph 115 consists of Plaintiff's characterization of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Defendant respectfully refers the Court to that statute, which speaks for itself, and denies the first sentence to the extent it is inconsistent with the statute. The second sentence consists of Plaintiff's characterization of the UDTPA and the Federal Trade Commission Act. Defendant respectfully refers the Court to those statutes, which speak for themselves, and denies the second sentence to the extent it is inconsistent with the statutes.

17

116. Paragraph 116 consists of Plaintiff's characterization of the UDTPA. Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 116 to the extent it is inconsistent with the statute.

117. Paragraph 117 consists of Plaintiff's characterization of the UDTPA and the cited case. Defendant respectfully refers the Court to that statute and case, which speak for themselves, and denies paragraph 117 to the extent it is inconsistent with the statute and case.

118. Paragraph 118 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 118.

119. Paragraph 119 consists of Plaintiff's characterization of the UDTPA. Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 119 to the extent it is inconsistent with the statute.

120. Paragraph 120 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 120.

121. Paragraph 121 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 121.

122. Paragraph 122 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 122.

123. Paragraph 123 consists of Plaintiff's characterization of the UDTPA. Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 123 to the extent it is inconsistent with the statute.

124. Paragraph 124 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 124.

125. Paragraph 125 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 125.

126. Paragraph 126 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 126.

127. The first and third sentences of paragraph 127 consist of Plaintiff's characterization of the referenced federal statutes and regulations. Defendant respectfully refers the Court to those statutes and regulations, which speak for themselves, and denies the first and third sentences to the extent they inconsistent with the statutes or regulations. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the second sentence.

128. Paragraph 128 consists of Plaintiff's characterization of 38 C.F.R. § 14.629(b)(1). Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies paragraph 38 to the extent it is inconsistent with the regulation.

129. Insofar as paragraph 129 consists of Plaintiff's characterization of the referenced email, Defendant respectfully refers the Court to that email, which speaks for itself, and denies paragraph 129 to the extent it is inconsistent with the email. The remainder of paragraph 129 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the remainder of paragraph 129.

130.  Denied.

131.  Defendant denies the first sentence of paragraph 131.  Defendant admits the second sentence except to deny that Defendant filled out the necessary data without Plaintiff's input and submitted Plaintiff's claim to the VA and any implication that Defendant acted as an agent or attorney.

132.  Denied.

133.  Paragraph 133 consists of Plaintiff's characterization of the quoted correspondence from Defendant to Plaintiff in the email referenced in paragraph 133. Defendant respectfully refers the Court to that correspondence, which speaks for itself, and denies paragraph 133 to the extent it is inconsistent with the correspondence.

134.  Paragraph 134 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 134.

135.  Denied.

136.  Paragraph 136 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 136.

137.  Paragraph 137 consists of Plaintiff's characterization of Veterans Guardian's Consulting Services Agreement and the referenced email.  Defendant respectfully refers the Court to that agreement and email, which speak for themselves, and denies paragraph 137 to the extent it is inconsistent with the agreement or email.

138.  Denied.

139. Paragraph 139 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 139.

140. Paragraph 140 consists of Plaintiff's characterization of 38 C.F.R. §§ 14.636(b), 14.631, and 14.636(g). Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies paragraph 140 to the extent it is inconsistent with the regulations.

141. Paragraph 141 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(g)(1)(i)-(v). Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies paragraph 141 to the extent it is inconsistent with the regulations.

142. Paragraph 142 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(g)(3). Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies paragraph 142 to the extent it is inconsistent with the regulation.

143. Paragraph 143 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 143.

144. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation of the first sentence of paragraph 144. The second sentence consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the second sentence.

145. Denied.

146.   Defendant admits paragraph 146 except to deny that OGC's approval was required for the referenced fees charged by Defendant.

147.   Paragraph 147 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant paragraph 147.

148.   Denied.

149.   Defendant denies the first sentence of paragraph 149.  Defendant admits the second and third sentences except to deny that Defendant filled out the necessary data without input from Plaintiff, mailed Plaintiff's claim to the VA, and any implication that Defendant acted as an agent or attorney.

150.   Denied.

151.   Paragraph 151 consists of Plaintiff's characterization of the quoted correspondence from Defendant to Plaintiff.  Defendant respectfully refers the Court to that correspondence, which speaks for itself, and denies paragraph 151 to the extent it is inconsistent with the correspondence.

152.   Paragraph 152 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 152.

153.   Denied.

154.   Paragraph 154 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 154.

155.   Denied.

156.   Denied.

157. Paragraph 157 consists of Plaintiff's characterization of 38 C.F.R. §§ 14.636(b), 14.631, and 14.636(g). Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies paragraph 157 to the extent it is inconsistent with the regulations.

158. Paragraph 158 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(g)(1)(i)-(v). Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies paragraph 158 to the extent it is inconsistent with the regulations.

159. Paragraph 159 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(g)(3). Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies paragraph 159 to the extent it is inconsistent with the regulation.

160. The first sentence of paragraph 160 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first sentence. Defendant admits the second sentence except to deny that Veterans Guardian prepared Plaintiff's claim without her input and any implication that it acted as an agent or attorney.

161. The first sentence of paragraph 161 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first sentence. Defendant lacks sufficient knowledge or information to form a belief about the truth of the second sentence. The third sentence consists of a legal conclusion to which

no response is required.  To the extent a response is required, Defendant denies the third sentence.

162.  Paragraph 162 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 162.

163.  Paragraph 163 consists of Plaintiff's characterization of 38 U.S.C. § 5904(c)(1).  Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 163 to the extent it is inconsistent with the statute.

164.  Paragraph 164 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies paragraph 164.

165.  Denied.

166.  Paragraph 166 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(f).  Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies paragraph 166 to the extent it is inconsistent with the regulation.

167.  Paragraph 167 consists of Plaintiff's characterization of the referenced federal statutes, regulations, and case.  Defendant respectfully refers the Court to those statutes, regulations and case, which speak for themselves, and denies paragraph 167 insofar as it is inconsistent with them.

168.  The first sentence of paragraph 168 consists of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the first sentence.  Defendant denies the second sentence.

169. Paragraph 169 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 169.

170. Paragraph 170 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 170.

171. Denied.

172. Paragraph 172 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 172.

173. Paragraph 173 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 173.

174. Paragraph 174 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 174.

175. Paragraph 175 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 175.

176. Paragraph 176 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 176.

177. Paragraph 177 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 177.

178. Paragraph 178 consists of a legal conclusion and a characterization of Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 178 and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

179. Paragraph 179 consists of Plaintiff's characterization of her request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

180. The first sentence of paragraph 180 consists of Plaintiff's characterization of her request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever. The second sentence consists of legal conclusions and Plaintiff's characterization of her request for relief to which no response is required. To the extent a response is required, Defendant denies the allegations of the second sentence and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

181. Defendant incorporates by reference its responses to paragraphs 1 through 180.

182. Paragraph 182 consists of Plaintiff's characterization of the North Carolina Debt Collection Act ("NCDCA"), the UDTPA, and the cited case. Defendant respectfully refers the Court to those statutes and that case, which speak for themselves, and denies paragraph 182 to the extent it is inconsistent with the statutes or case.

183. Paragraph 183 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 183.

184. Paragraph 184 consists of Plaintiff's characterization of the NCDCA. Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 184 to the extent it is inconsistent with the statute.

185. Paragraph 185 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 185.

186. Paragraph 186 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 186.

187. Paragraph 187 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 187.

188. Paragraph 188 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies paragraph 188.

189. Paragraph 189 consists of Plaintiff's characterization of the referenced case. Defendant respectfully refers the Court to that case, which speaks for itself, and denies paragraph 189 to the extent it is inconsistent with the case.

190. Paragraph 190 consists of Plaintiff's characterization of the referenced case. Defendant respectfully refers the Court to that case, which speaks for itself, and denies paragraph 190 to the extent it is inconsistent with the case.

191. Paragraph 191 consists of Plaintiff's characterization of the NCDCA. Defendant respectfully refers the Court to that statute, which speaks for itself, and denies paragraph 191 to the extent it is inconsistent with the statute.

192. The first sentence of paragraph 192 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the first sentence. The second sentence consists of Plaintiff's characterization of 38 C.F.R.

§ 14.636(b). Defendant respectfully refers the Court to that regulation, which speaks for itself, and denies the second sentence to the extent it is inconsistent with the regulation.

193. To the extent paragraph 193 consists of Plaintiff's characterization of 38 C.F.R. § 14.636(b) and 38 C.F.R. § 14.636(f), Defendant respectfully refers the Court to those regulations, which speak for themselves, and denies paragraph 193 to the extent it is inconsistent with the regulations. Defendant denies the remainder of paragraph 193.

194. Paragraph 194 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 194.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Paragraph 200 consists of legal conclusions and Plaintiff's characterization of her request for relief to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 200 and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

201. Paragraph 201 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies paragraph 201.

202. Paragraph 202 consists of legal conclusions and Plaintiff's characterization of her request for relief to which no response is required. To the extent a response is

required, Defendant denies the allegations of paragraph 202 and denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

The unnumbered paragraphs following paragraph 202 consist of Plaintiff's prayer for relief and jury trial demand to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding that Defendant has the burden of proof or persuasion as to any of Plaintiff's claims, Defendant states as follows:

### FIRST DEFENSE
(No Injury)

Plaintiff has not sustained loss or damages caused by any conduct by Defendant.

### SECOND DEFENSE
(Statute of Limitations)

Insofar as putative class members' claims arose outside the applicable limitations period, those claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE
(Practice Not Unfair)

The alleged practices of Defendant described were not unfair because the benefits of the practices outweighed any alleged harm or impact they may have caused to any consumer.

## FOURTH AFFIRMATIVE DEFENSE
### (No Material Misrepresentation)

Plaintiff's claim for relief is barred, in whole or in part, because she fails to allege actionable misrepresentations or omissions, and all statements alleged to have been made had a reasonable basis in fact, and because any alleged misrepresentations or omissions were not material. Further, Defendant has made no false or misleading statements or representations of fact regarding the services it provides.

## FIFTH AFFIRMATIVE DEFENSE
### (Practice Not Deceptive)

Defendant has not engaged in any deceptive conduct.

## SIXTH AFFIRMATIVE DEFENSE
### (Commercially Reasonable and Lawful Action)

At all times, Defendant has acted in a commercially reasonable and lawful manner.

## SEVENTH AFFIRMATIVE DEFENSE
### (Class Action)

To the extent that Plaintiff and/or the putative class members purport to bring this case as a class action, they cannot satisfy the requirements for a class action.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Causation)

Defendant denies that Plaintiffs have suffered damages, but to the extent damages have been incurred, such damages were not directly or proximately caused by Defendant.

## NINTH AFFIRMATIVE DEFENSE
### (First Amendment – Freedom of Speech)

Plaintiff's interpretation of federal law imposes an impermissible, content-based restriction on speech.

30

## TENTH AFFIRMATIVE DEFENSE
### (First Amendment – Freedom of Association)

Plaintiffs' interpretation of federal law would offend the right of association of Defendant's veteran clients.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Action as Agent or Attorney)

Defendant did not act as an agent or attorney in assisting Plaintiff with her claim for disability benefits.

## TWELFTH AFFIRMATIVE DEFENSE
### (Further Defenses)

Defendant reserves the right to plead additional affirmative defenses of which it becomes knowledgeable during the course of this litigation and as the facts developed in discovery may warrant.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert affirmative defenses or defenses of which it becomes knowledgeable during the course of this litigation.

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff is denied the requested relief and that the same be dismissed with prejudice;

2.      That judgment be entered for Defendant;

3.      That Defendant recover her costs of suit herein, including attorney fees; and

4.      That Defendant be granted such further relief as the Court deems just and proper.

31

Date: July 30, 2024

Respectfully submitted,

*/s/* Dustin T. Greene

Dustin T. Greene
North Carolina Bar No. 38193
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Office: (336) 607-7300
Fax: (336) 607-7500
Email: dgreene@kilpatricktownsend.com

*/s/* Anthony T. Pierce

Anthony T. Pierce*
Caroline L. Wolverton*
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street N.W.
Washington, DC 20006
Tel: (202) 887-4000
Email: apierce@akingump.com
        cwolverton@akingump.com
*special appearance

*Counsel for Defendant Veterans Guardian VA Claim Consulting, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/* Dustin T. Greene
Dustin T. Greene
N.C. Bar No. 38193
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
DGreene@KilpatrickTownsend.com

*Counsel for Defendant Veterans Guardian VA Claim Consulting, LLC*

33

34