IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JENNIFER FORD, ERIC BEARD, and )
BRIAN OTTERS, individually and on )
behalf of all others similarly situated, )
                                        )
              Plaintiff,                )
                                        )
       v.                               )          1:23-CV-756
                                        )
VETERANS GUARDIAN VA CLAIM              )
CONSULTING, LLC,                        )
                                        )
              Defendant.                )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

In this consumer protection case, the Court granted the plaintiffs' motion for class

certification as to their claims that the defendant, Veterans Guardian VA Claim

Consulting, LLC, charges illegal fees for assisting veterans with applications for

disability compensation. The parties have filed a joint submission on class notice and

notice procedures, identifying areas of agreement and disagreement. Upon consideration

of the materials submitted by the parties and in light of the Court's experience, the Court

approves the attached notices.

I.      **Relevant Procedural History and Facts**

Plaintiffs Jennifer Ford, Eric Beard, and Brian Otters are disabled military veterans

who retained Guardian to assist them in obtaining or increasing their disability

compensation. Doc. 52 at ¶¶ 57–58, 65, 111–12, 120, 138–39, 144. Federal law

prohibits charging a fee in connection with the filing of an initial disability claim before

the Veterans Administration. 38 U.S.C. § 5904(c)(1). While fees are permitted later in the claims process, "no individual may act as an agent or attorney in the preparation, presentation, or prosecution of any claim under laws administered by the Secretary unless such individual has been recognized for such purposes by the Secretary." *Id*. § 5901(a); *see also* 38 C.F.R. § 14.629(b)(1) ("No individual may assist claimants in the preparation, presentation, and prosecution of claims for VA benefits as an agent or attorney unless he or she has first been accredited by VA for such purpose."); 38 C.F.R. § 14.636(c)(1)(i) ("Agents and attorneys may charge claimants or appellants for representation provided after . . . notice of an initial decision on the claim . . . .").

The plaintiffs contend that Guardian violates federal law by offering these services for a fee and without accreditation and that the fees it charges for those services are illegal and violate the North Carolina Unfair and Deceptive Trade Practices Act and the North Carolina Debt Collection Act. Doc. 52 at ¶¶ 188, 225, 313. The Court granted the plaintiffs' motion for class certification and certified three classes. Doc. 131 at 27. The classes as certified consist of:

> **(1) UDTPA Initial Claim Class**: All veterans who made their first payment to Veterans Guardian in connection with an initial claim for VA Disability Compensation under a consulting contract substantially similar to Exhibit A to the Consolidated Complaint between August 23, 2019, and the date of this Court's order approving class notice.

> **(2) UDTPA Non-Initial Claim Class**: All veterans who made their first payment to Veterans Guardian in connection with a non-initial claim for VA Disability Compensation under a consulting contract substantially similar to Exhibit A to the Consolidated Complaint between August 23, 2019, and the date of this Court's order approving class notice.

2

**(3) NCDCA Class**: All veterans who, between August 23, 2019, and the date of this Court's order approving class notice, were sent an invoice by Veterans Guardian in connection with a claim for VA Disability Compensation in substantially the same form as Exhibit B to the Consolidated Complaint and who made a payment to Veterans Guardian.

*Id*. Class representatives were appointed for each class and the interim lead class counsel for the plaintiffs was appointed as class counsel. *Id*. at 28.

## II.      Notice Required to the Classes

The classes were certified under Federal Rule of Civil Procedure 23(b)(3), and notice to class members is required. *See* Fed. R. Civ. P. 23(c)(2)(B). Notice gives class members "an opportunity to opt-out of the class at the certification stage." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 655 (4th Cir. 2019). Generally speaking, for the results of a damages class action to bind an absent class member, notice to the class must provide "minimal procedural due process protection." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

## III.      The Proposed Notices

Pursuant to court direction, Doc. 131 at 28, the parties met and consulted on the form and method of providing class notice and filed a joint submission directed to notice and scheduling. Doc. 134. They agree to a large extent, but not completely. *Id*. Each has submitted dueling proposals reflecting those agreements and disagreements. *See* Docs. 134-6,134-7.

3

## A. Notice Administrator

The parties agree that American Legal Claim Services, LLC, a company that specializes in class notice administration, will disseminate the notices using contact information for class members provided from Guardian's records. Doc. 134 at 3–5. The Court has reviewed its qualifications, and American Legal is an appropriate notice administrator.

## B. Class Website

The parties agree that it is appropriate for the notice administrator to work with the parties to create and maintain a class website. *Id*. at 5. They agree that the website will include substantive court documents in the case including the operative complaint, Guardian's answer, the Court's opinion on class certification, and the Court's order approving class notice. *Id*. at 6. And finally, they agree that the class notice sent to potential class members will direct potential class members to the website for additional information. *See id*. at 5.

Many class actions use similar websites to inform potential class members of ongoing litigation. *See, e.g.*, *Lewis v. Equityexperts.org, LLC*, No. 22-CV-302, 2025 WL 2264491, at *2 (E.D.N.C. Aug. 7, 2025) (stating that "district courts in this circuit have used class action websites to facilitate notice."). The proposed public website is a reasonable and relatively inexpensive way to provide information to class members and is a good supplement to more personal notice provided in other ways. *See discussion infra* (addressing email and postcard notice).

4

In addition to the matters identified by the parties, the public website should include access to future key court orders such as scheduling orders, *Daubert* orders, summary judgment orders, and the like. Housekeeping orders such as motions to extend time and other non-substantive logistical matters need not be posted.

With this addition, the use of the proposed class website is approved.

### C. Method of Individual Notice

Guardian's client records contain contact information for members of all three classes. Doc. 131 at 9, 21. The parties agree that all class members should be notified by email, using the contact information in Guardian's possession. Doc. 134 at 2. The plaintiffs propose that notice be sent by postcard only when email notice is not delivered. *Id*. The defendant proposes that notice be sent to all class members by email and postcard. *Id*.

Rule 23 allows notice by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). In 2018, subdivision (c)(2) was amended "to recognize contemporary methods of giving notice" and "to make notice more effective." *See* Fed. R. Civ. P. 23(c)(2) advisory committee's note to 2018 amendment. The committee note suggests that when a court selects the method or a combination of methods for giving notice it "should consider the capacity and limits of current technology, including class members' likely access to such technology." *Id*.

Here, the record shows that Guardian and class members regularly communicated through email. *See e.g.,* Doc. 106-7 (Guardian's email confirming payment). There is nothing to indicate that Guardian's records of email addresses are outdated or incorrect.

5

Indeed, Guardian is motivated to keep them current, if for no other reason so that it can inexpensively bill clients via email. Class members are not likely to consider an email about Guardian to be junk email, since such emails would ordinarily be directed to matters about their disability claims. It is highly likely that email notice will reach class members.

Postcard notice is appropriate for any class members whose email comes back as undeliverable. But duplicate notice to every class member by postcard, as Guardian proposes, will substantially increase the costs of this class action with little benefit to the notice process. Email notice is "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Back-up notice by postcard is an appropriate supplement when an email is undeliverable.

Guardian's proposed notice directs class members to call one of class counsel's offices to receive information about the case. Doc. 134-6 at 6. The record does not reflect the opinion of the plaintiffs on the inclusion of the number. Notice, as agreed, directs class members to contact class counsel via email. *Id*. at 6–9. A phone number is not needed because the class members have other ways to learn about the case and they can ask questions via email.

In sum, notice shall be sent by email with postcard backup for undeliverable emails. The notice administrator shall maintain a class website with substantive court documents. The agreed upon notice includes email contact information for class counsel, so it need not include a toll-free number class members can call.

6

IV.     **Effectuating Notice**

Guardian needs five business days after the Court's order approving the notice plan to provide the relevant class contact data to the notice administrator. Doc. 134 at 6 n.1. The notice administrator can issue notice to the class members within 30 days of receiving the data from Guardian. *Id.* Nothing else appearing, then, the class notice should be sent no later than March 19, 2026, which allows time for these tasks to be completed.

The plaintiffs ask that initial notice be sent promptly, once these logistical tasks are completed. *Id.* at 7. Guardian asks that notice be delayed while its petition for a Rule 23(f) interlocutory appeal is resolved by the United States Court of Appeals for the Fourth Circuit. *Id.* at 9. As that petition has now been resolved and the interlocutory appeal denied, *see* Doc. 143-1, there is no reason to wait.

Within five business days from this order, Guardian shall provide the relevant class data to the notice administrator. No later than March 19, 2026, the notice administrator shall send email notice. The notice administrator shall send postcard backup notice within five days of receiving word that the email was undeliverable.

V.      **Content of the Notices**

Rule 23(c)(2)(B) states that:

[t]he notice must clearly and concisely state in plain, easily understood language:
    (i) the nature of the action;
    (ii) the definition of the class certified;
    (iii) the class claims, issues, or defenses;
    (iv) that a class member may enter an appearance through an attorney if the member so desires;

7

(v) that the court will exclude from the class any member who requests exclusion;
(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The parties largely agreed on the language and wording of the notices, with some petty stylistic differences and a couple of more meaningful disagreements.

### A. Matters of Agreement

The notices as jointly proposed, Docs. 134-6, 134-7, and as adopted herein clearly and concisely state in plain language the nature of the action and the class claims, issues, and defenses. Exhibit A at 4; Exhibit B at 2; Fed. R. Civ. P. 23(c)(2)(B)(i), (iii). The email notice provides the class definitions, Exhibit A at 6, and the postcard notice directs class members to the class website, where they can easily find the class definitions. Exhibit B at 2; Fed. R. Civ. P. 23(c)(2)(B)(ii).[1] The email and postcard notices state that a class member may hire an attorney at his or her own expense and that the attorney may enter an appearance in the case. Exhibit at A 7–8; Exhibit B at 2; Fed. R. Civ. P. 23(c)(2)(B)(iv). The notices clearly state that the Court will exclude from the class any member who requests exclusion, Exhibit A at 2, 6–7; Exhibit B at 2, and provide the time and manner for requesting exclusion. Exhibit A at 6–7; Exhibit B at 2; Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi). The notices specify that members of the class will be bound by the

---

[1] There is not room on the postcard to include the three class definitions.

class judgment if they do not opt out through an exclusion request by a specific date. Exhibit A at 7; Exhibit B at 2; Fed. R. Civ. P. 23(c)(2)(B)(vii).

The parties have agreed on language that meets all of these requirements, and they disagree only around the fringes.

### B. Opting Out

Rule 23(c)(2)(B)(vi) requires that the notice clearly state "the time and manner for requesting exclusion." Fed. R. Civ. P. 23(c)(2)(B)(vi). The parties agree on the manner for requesting exclusion: by sending an email or a written Statement of Exclusion to the notice administrator. This is an appropriate manner to request exclusion, and the notices are clear as to how such requests must be communicated and what such requests must include. Exhibit A at 6–7; Exhibit B at 2.

The parties also agree on the timing for opting out: 45 days to opt-out of the action from the dissemination of the notices. Doc. 134 at 6 n.1. The Court agrees that a 45-day period is sufficient to protect the due process rights of any absent class members who do not want to be bound by the action. It allows plenty of time for receipt and review of the notice, for an appropriate investigation, and for an opt-out letter to be prepared and mailed. Senders of emails that are undeliverable usually are informed very quickly, so the notice administrator can send postcard notices soon thereafter and the recipients should still have around a month to opt-out.

As provided *supra*, the email notices will go out no later than March 19, 2026. With 45 days to opt out, the opt-out deadline is set for May 4, 2026. That date shall be

9

included in the email and postcard notice so class members will know exactly when their opportunity to opt-out ends.

### C. Other Disagreements

The plaintiffs propose including in the notice an approximate total amount Guardian collected in fees from class members during the class period, Doc. 134-6 at 4, and the fact that the class members will not incur costs or expense. *Id*. at 6, 8. Guardian did not include this information in its proposed notice. Neither party addressed why this information is or is not appropriate in their section of the joint submission.[2]

This information shall be included in the email notice because it provides useful information to class members that may affect their decision on whether to opt-out of the class. Understanding the scope of Guardian's fee collection and the fact that they will not incur costs upon the outcome may assist class members in taking the notice seriously and understanding the potential ramifications and benefits of class membership. They will be better informed as they make a decision on whether to opt out.

The Court will not address the disagreements the parties have over capitalization, grammar correction, or naming conventions. The Court resolves those non-substantive details without further discussion and as shown in the approved notices attached hereto. As approved, the notices are clear and easy to read.

---

[2] In their motion to seal, the plaintiffs assert that the total amount the defendant collected from class members during the class period provides valuable information to class members for their opt-out decision. Doc. 135 at 2.

## VI.      Conclusion

The Court finds that the attached notices provided by email with postcard backup for undeliverable emails and website (a) constitute the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to reach class members; (c) describe the nature of the case, certified class, claims, attorney representation, opt-out procedure, and effect of judgment; (d) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (e) satisfy all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all other applicable law and rules.

The Court will enter a scheduling order addressing other matters separately, as time permits.

It is **ORDERED** that:

1. The attached notices are **APPROVED**, with dates and other blanks to be filled in consistent with this order.

2. Guardian **SHALL** provide class data within five business days of this order.

3. The notice administrator **SHALL** send the approved email notices as quickly as possible and no later than March 19, 2026.

4. The notice administrator **SHALL** send postcard backup notice within five days of receiving an undeliverable email notice.

5. The notice administrator **SHALL** maintain a public website where this Order, the Class Certification Order, the approved Notice, and all other substantive

11

orders shall be posted.  Class counsel **SHALL** keep the notice administrator informed of such developments.

6. No later than April 2, 2026, class counsel or the notice administrator **SHALL** file a report showing that the notices were emailed and, where necessary, mailed via postcard and that the website is available.

7. No later than May 22, 2026, class counsel or the notice administrator **SHALL** file a report otherwise showing compliance with this order and providing details on the number of undeliverable notices and the number of class members choosing to opt-out.

This the 9th day of February, 2026.


_____
UNITED STATES DISTRICT JUDGE

# Exhibit A – Email Notice

# Court Approved Legal Notice

### United States District Court for the
### Middle District of North Carolina

*Jennifer Ford, et al. v. Veterans Guardian VA Claim Consulting, LLC*
Case No. 1:23-CV-00756-CCE-LPA

**If you are a veteran who retained Veterans Guardian VA Claim Consulting, LLC ("Veterans Guardian") to assist you in obtaining or increasing your disability compensation and, on or after August 23, 2019, either made your first payment to Veterans Guardian or were sent an invoice by and made a payment to Veterans Guardian, a class action lawsuit may affect your legal rights.**

*This is not a solicitation from a lawyer. You are <u>not</u> being sued.*

**To review documents that will provide more information about this class action lawsuit, you may visit:**
[class website]

**You could be a member of a Class Action. If you are a Class Member, your legal rights are affected whether you act or do not act, so please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IF YOU ARE A CLASS MEMBER | |
| --- | --- |
| **Do Nothing and Automatically Be Part of the Class** | You are automatically part of the Class if you satisfy any of the three Class definitions set forth below in Section 5. If you receive this Notice, Guardian has provided information tending to indicate that you are a member of one or more Classes. |
| **Exclude Yourself by [DATE], 2026** | You may request to be excluded from the Class. This is also referred to as "opting out." If you request to be excluded, you will not be part of the lawsuit and you will not be able to receive any money or benefits from any potential settlement or judgment. You also will not be bound by any judgment adverse to the Class if you request to be excluded from the Class.

If you decide you do not want to participate in this class action lawsuit and you do <u>not</u> make a timely request for exclusion as described in this Notice, you will still be bound by any judgment. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

1

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .................................................................................................. 3–5
    1.   Why is there a Notice?
    2.   What is this lawsuit about?
    3.   Why is this a class action?
    4.   How do I get more information?
    5.   I am still not sure I am included, what is the class definition?

**THE STATUS OF THE LAWSUIT** ................................................................................... 5
    6.   What are the legal claims being alleged against Veterans Guardian in this lawsuit?

**REMAINING IN THE CLASS** .......................................................................................... 5
    7.   What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE CLASS** ......................................................... 5–6
    8.   How do I exclude myself from the Class?
    9.   If I don't exclude myself, can I sue Veterans Guardian for the same thing later?
    10.  If I exclude myself, can I get money from this case?

**THE LAWYERS REPRESENTING CLASS MEMBERS** ............................................... 6
    11.  Do I have a lawyer in this case?

**OBTAINING MORE INFORMATION** ............................................................................ 7
    12.  How do I obtain more information?

2

## BASIC INFORMATION

| 1.    Why is there a Notice? |
| --- |

If you received a Notice by email, records collected by Veterans Guardian VA Claim Consulting, LLC ("Veterans Guardian") show that you may have retained Veterans Guardian to assist you in obtaining or increasing your VA disability compensation.

This Notice is intended to advise you of a class action lawsuit against Veterans Guardian and of your rights and options, **including your right to exclude yourself from the Class and from further proceedings in this action if you wish to do so.**

Chief District Judge Catherine C. Eagles of the United States District Court for the Middle District of North Carolina is overseeing this lawsuit. The lawsuit is known as *Jennifer Ford, et al. v. Veterans Guardian VA Claim Consulting, LLC*, and the case number is 1:23-CV-00756-CCE-LPA.

| 2.    What is the lawsuit about? |
| --- |

Federal law restricts those individuals who may act as an agent or attorney in preparing, presenting, and/or prosecuting disability claims for benefits before the Department of Veterans Affairs ("VA") to persons or entities meeting specific qualifications and accreditation requirements. Plaintiffs allege that Veterans Guardian violates federal law by offering its VA disability claim services without VA accreditation and that it charges illegal fees in violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") and the North Carolina Debt Collection Act ("NCDCA"). Under their UDTPA Classes, Plaintiffs are seeking damages from Veterans Guardian in an amount equal to three times all amounts paid to Veterans Guardian by Class Members. During the Class period, Veterans Guardian collected more than $250,000,000.00 from Members of the Classes. Additionally, under the NCDCA Class, Plaintiffs are seeking damages from Veterans Guardian in an amount equal to all amounts paid to Veterans Guardian by Class Members, plus civil penalties as the Court may allow, but not less than five hundred dollars ($500) nor greater than four thousand dollars ($4,000) for each NCDCA violation. Plaintiffs also seek recovery of litigation costs and attorneys' fees under the North Carolina statutes at issue.

Veterans Guardian denies that it violates federal or North Carolina law. In particular, it denies that it acted as an agent or attorney for veterans in assisting them with VA disability benefits claims.

The Court has not decided whether Veterans Guardian did anything wrong. The case is continuing. There is no money or benefits that have been obtained for the Class, and there is no guarantee there will be in the future.

| 3.    Why is this a class action? |
| --- |

In a class action, one or more persons called class representatives sue on behalf of persons who may

3

have the same legal claim. All the people who have the same legal claim collectively make up the "Class" and are referred to individually as "Class Members." One lawsuit before one judge and jury resolves the issues and legal claims for all Class Members together, except for those who exclude themselves from the Class, regardless of whether the outcome is favorable or unfavorable. Because Plaintiffs believe the conduct alleged in this case affected a large number of veterans who were economically injured in a similar way, Plaintiffs filed this case as a class action.

## 4. How do I get more information?

This Notice does not fully describe all the legal claims and defenses between Plaintiffs and Veterans Guardian. The relevant legal filings and court documents in this class action lawsuit are available at [class website] or online for a fee through the Court's Public Access to Court Electronic Records ("PACER") system at http://ecf.ncmd.uscourts.gov or by visiting the office of the Clerk of Court for the United States District Court for the Middle District of North Carolina, located at 324 W. Market Street, Greensboro, NC 27401-2544, and available on weekdays between 8:30 a.m. and 4:30 p.m. In addition, you may contact Class Counsel at notice@vandwlaw.com.

If you wish to do so, you may also register on the website created and maintained by the Notice Administrator—[class website]—if you want to be kept informed of the status of the case and receive email communications from Class Counsel.

## 5. I am still not sure if I am included, what are the Class definitions?

You are receiving this Notice because Veterans Guardian's records indicate that you may be a member of one or more of the following Classes. You are in the Class if you meet one of the following three definitions and do not properly execute and file a timely request for exclusion from the Class.

1. **UDTPA Initial Claim Class:** All veterans who made their first payment to Veterans Guardian in connection with an initial claim for VA Disability Compensation under a consulting contract substantially similar to Exhibit A to the Consolidated Complaint between August 23, 2019, and the date of this Court's order approving class notice.

2. **UDTPA Non-Initial Claim Class:** All veterans who made their first payment to Veterans Guardian in connection with a non-initial claim for VA Disability Compensation under a consulting contract substantially similar to Exhibit A to the Consolidated Complaint between August 23, 2019, and the date of this Court's order approving class notice.

3. **NCDCA Class:** All veterans who, between August 23, 2019, and the date of this Court's order approving class notice, were sent an invoice by Veterans Guardian in connection with a claim for VA Disability Compensation in substantially the same form as Exhibit B to the Consolidated Complaint and who made a payment to Veterans Guardian.

- **Exclusions:** Excluded from the Class are:

  (a) any persons or other entity currently related to or affiliated with Veterans Guardian; and

4

(b) any Judge presiding over this action and members of his or her immediate family.

If you are still not sure whether you are included in the Class, please go to [class website].

## THE STATUS OF THE LAWSUIT

| 6.   What are the legal claims being alleged against Veterans Guardian in this lawsuit? |
| --- |

The Court is allowing this class action case to proceed for a determination on the merits with respect to alleged violations of the North Carolina Unfair and Deceptive Trade Practices Act and the North Carolina Debt Collection Act by Veterans Guardian. A trial date is yet to be scheduled.

## REMAINING IN THE CLASS

| 7.   What happens if I do nothing at all? |
| --- |

If you fall within one of the three Class definitions (see Question 5) and you do nothing, you will stay in this lawsuit and your legal rights will be determined in this lawsuit. If you stay in this lawsuit and Plaintiffs win, you will be notified about how to seek money or other benefits from this lawsuit. If Plaintiffs lose this lawsuit, you will not receive any money or other benefits. However, there is no claim that has been advanced that would require you to incur any costs or expenses if Plaintiffs lose this case. If you do nothing now, regardless of whether Plaintiffs win or lose, you will be legally bound by the orders the Court issues and judgments the Court enters in this class action lawsuit.

Please advise the Class Notice Administrator of any changes to your email or postal mailing address so that information can be emailed or mailed to you if there is a judgment or settlement in this lawsuit in the future. Contact information for the Class Notice Administrator is listed in Section 12 below.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to be a part of the Class for any reason, including that you would rather keep your right to sue or continue to sue Veterans Guardian on your own regarding the facts and legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Class.

| 8.   How do I exclude myself from the Class? |
| --- |

To exclude yourself from the Class you must send an email or letter by U.S. mail saying that you want to be excluded from *Jennifer Ford, et al. v. Veterans Guardian VA Claim Consulting, LLC.* Be sure to include your full name, mailing address, telephone number, email address, and your signature.

If excluding yourself via Email: You must email your exclusion to _____ by **[DATE]**, **2026**.

5

If excluding yourself via U.S. Mail: You must mail your exclusion request, postmarked by **[DATE], 2026**, to:

Ford v. Veterans Guardian Class Action Exclusion
Ford v. Veterans Guardian
c/o American Legal Claims Services, LLC
PO Box 23489, Jacksonville, FL 32241

**To be effective, your exclusion request must be emailed or postmarked no later than [DATE], 2026.**

If you timely ask to be excluded, you will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Veterans Guardian in the future.

If you do not request exclusion from the Class by **[DATE], 2026**, and you fall within the definition of any one of the three Classes listed in Section 5 above, you will be legally bound by any final judgment or settlement in this lawsuit. If you wish to remain a Class Member, you are not required to do anything at this time.

| **9. If I don't exclude myself, can I sue Veterans Guardian for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up the right to sue Veterans Guardian for the same legal claims that are a part of this lawsuit. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this lawsuit to continue your own lawsuit. Remember, the exclusion deadline is **[DATE], 2026**.

| **10. If I exclude myself, can I get money from this case?** |
|---|

No. If you exclude yourself, and the Court awards money damages to the Class Members after trial or if there is a settlement of this lawsuit, you will not be entitled to any money or benefits. But, you may sue, continue to sue, or be part of a different lawsuit against Veterans Guardian.

**THE LAWYERS REPRESENTING CLASS MEMBERS**

| **11. Do I have a lawyer in this case?** |
|---|

The Court has appointed Janet R. Varnell, Brian W. Warwick, Christopher J. Brochu, Pamela G. Levinson, and Varnell & Warwick, P.A. and Shanon J. Carson, Jeff Osterwise, Radha Nagamani Raghavan, and Berger Montague PC as Class Counsel to represent you and other Class Members in this class action lawsuit. You will not be charged for these lawyers. You may contact Class Counsel by email at notice@vandwlaw.com.

Any fees or costs ultimately allowed by the Court to be paid to Class Counsel will be paid by the Defendant as ordered by the Court or out of any funds awarded to the Class because of a settlement or judgment in this class action lawsuit.

If you want to be represented by your own lawyer, you may hire one at your own expense. If that

6

lawyer wishes to participate in this class action lawsuit, that lawyer must enter an appearance on your behalf and at your expense. Otherwise, you will be represented by Class Counsel along with Plaintiffs and all other Class Members.

## OBTAINING MORE INFORMATION

| 12. Where do I obtain more information? |
| --- |

Mailing Address:
Ford v. Veterans Guardian
c/o American Legal Claims Services, LLC
PO Box 23489, Jacksonville, FL 32241

You can also visit the website [class website], which is dedicated to the lawsuit or email Class Counsel directly at notice@vandwlaw.com.

**Please do not contact the Court. Any questions regarding this class action lawsuit or this Notice should be directed to the Notice Administrator or Class Counsel listed above.**

7

Exhibit B – Postcard Notice

This Notice contains important information about your legal rights in a class action lawsuit.  Please read the entire Notice carefully.

1. What is the purpose of this Notice? This Notice was sent to you by order of the United States District Court for the Middle District of North Carolina (the "Court").  This Notice tells you about a class action lawsuit that may affect you and your legal rights, your right to participate in the lawsuit, and your right to opt out of the lawsuit.  Nothing in this Notice should be taken as an expression by the Court of any opinion on the ultimate outcome of this lawsuit, and nothing in this Notice should be taken to mean you would recover anything.

2. What is this lawsuit about? This lawsuit is brought by three disabled veterans on behalf of three certified classes of veterans who hired and paid Defendant Veterans Guardian VA Claim Consulting, LLC ("Veterans Guardian") to assist them with their claims for VA disability compensation.  Plaintiffs allege that Veterans Guardian provided claims-preparation services without required federal accreditation and charged unlawful fees, in violation of federal law, the North Carolina Unfair and Deceptive Trade Practices Act, and the North Carolina Debt Collection Act.  Veterans Guardian denies that it violates federal or North Carolina law.  In particular, it denies that it acted as an agent or attorney for veterans in assisting them with VA disability benefits claims.  On December 30, 2025, the Court granted Plaintiffs' motion for class certification.  Veterans Guardian's records indicate that you may be a Class Member.

3. What are my options? You will remain a Class Member unless you expressly request to be excluded from this lawsuit.  As a Class Member, you will be bound by the outcome, whether the issues are decided by trial or otherwise, and whether the outcome is favorable or unfavorable.  As a Class Member, any claims you might have regarding the facts in this lawsuit cannot be pursued in any other lawsuit, unless you opt out.

If you wish to remain a member of the Class, don't do anything and your interests and rights will be decided in this lawsuit.  You will be represented by the Class Representatives and Class Counsel.  Class Members may also enter an appearance individually or through counsel of their own choosing at their own expense, but don't have to do so.

If you wish to opt out of the Class, you must email the Class Administrator (email below) or mail a written Statement of Exclusion to the Class Administrator (mailing address below) postmarked by no later than [DATE], 2026.  The Statement of Exclusion should state: "I hereby request to be excluded from the Class in Ford v. Veterans Guardian VA Claim Consulting, LLC, Case No. 1:23-cv-756," and it must be signed by the Class Member.  The Statement of Exclusion should be addressed to:  Ford v. Veterans Guardian, c/o American Legal Claims Services, LLC, PO Box 23489, Jacksonville, Florida 32241. Individuals who request exclusion from the Class won't be entitled to share in the benefits of any settlement or judgment that may be reached, nor will they be bound by any settlement or judgment.  If you elect to be excluded from the Class, you may pursue any claims you have at your own expense.

For more detailed information, please visit the case website: [class website]

Questions about this Notice should be directed to Class Counsel by email: notice@vandwlaw.com.
<u>Please Do Not Contact the Court with Questions</u>

If your present address differs from the address on this Notice, or if the person to whom this Notice was addressed is deceased, please provide the Class Administrator with an updated address or the name and address of the deceased person's executor or personal representative.  This contact information shall be provided to the Class Administrator via email at [Class Administrator Email Address].  Please put "Change of Address" in the subject line and provide your full name, previous address, current address, and the Notice ID from your Notice in the body of the email.  You can also mail that information to:  Ford v. Veterans Guardian, c/o American Legal Claims Services, LLC, PO Box 23489, Jacksonville, Florida 32241.

## Court Ordered Notice
United States District Court
Middle District of North Carolina

Jennifer.Ford?et.al¡
v¡
Veterans.Guardian.VA
Claim.Consulting?LLC
Case No. 1:23-cv-756

## Notice of Pendency of Class Action

This Notice is to inform you of your rights and how to get information about the above-named class action lawsuit.

### You Are Not Being Sued

This Notice describes a class action lawsuit pending against Veterans Guardian VA Claim Consulting, LLC ("Veterans Guardian"). You've received this Notice because Veterans Guardian's records suggest you might be a person whose rights could be affected by this lawsuit. You're entitled to remain in this lawsuit as a Class Member or opt out of this lawsuit as described on reverse side.

---

Ford v. Veterans Guardian VA Claims Consulting, LLC
c/o Class Notice Administrator
American Legal Claims Services, LLC,
PO Box 23489, Jacksonville, Florida 32241
[class website]

To update address visit [www.caseURL.com]
Notice ID: «noticeid»
PIN: «pin»

«keyline» (Barcode)

«fname» «lname»
«addrline1» «addrline2»
«addrcity» «addrstate» «addrzip»
«country»

---

PRST- FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. XXX